IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES E. MILLER, CORNELIUS JACKSON, DEVON TROTTER, GREGORY ROBERTSON, RITA COVINGTON, VANESSA PHILLIPS, and WILLIAM F. DAVIS, individually,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>GILEAD SCIENCES, INC.,<br><br>        *Defendant*. | Case No.:<br><br>D.C. Superior Court Action Filed:<br>June 14, 2021<br><br>D.C. Superior Court Action Served:<br>June 17, 2021 |

## DEFENDANT GILEAD SCIENCES, INC.'S
## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Gilead Sciences, Inc. ("Gilead") hereby removes this civil action, pending as Case No. 2021CA001961B, in the Superior Court for the District of Columbia, Civil Division (the "Superior Court Action"), to the United States District Court for the District of Columbia.

### INTRODUCTION

1. On June 14, 2021, Plaintiffs Charles Miller, Cornelius Jackson, Devon Trotter, Gregory Robertson, Rita Covington, Vanessa Phillips, and William Davis (collectively, "Plaintiffs") filed the Superior Court Action against Gilead in the Superior Court for the District of Columbia, Civil Division.

2. Copies of Plaintiffs' Complaint and all process, pleadings, and orders served upon Gilead in the Superior Court Action are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

3.  On June 17, 2021, Gilead was served with a copy of the Complaint setting forth the claims for relief upon which the Superior Court Action is based.

4.  This case relates to several of Gilead's prescription HIV medications—Viread®, Truvada®, Atripla®, Complera®, and Stribild® (collectively, "TDF Medications"). The Complaint alleges that: (1) Gilead should have replaced one of the components of the TDF Medications, tenofovir disoproxil fumarate ("TDF"), with an allegedly superior compound, tenofovir alafenamide ("TAF"); (2) Gilead failed to warn adequately Plaintiffs or their doctors about kidney and/or bone risks associated with the TDF Medications, and the need to monitor patients for those risks; and (3) Plaintiffs experienced bone and/or kidney injuries as a result of using TDF Medications. *See* Ex. A, Compl. ¶¶ 1, 4, 7, 15, 18, 24-30.

5.  Based on those allegations, Plaintiffs assert claims against Gilead for: (i) strict products liability (design defect and failure to warn), (ii) negligence and gross negligence, (iii) fraud by omission, and (iv) breach of implied warranty of merchantability. *Id.* ¶¶ 306-407. Among other relief, Plaintiffs seek damages for: personal injuries; pain, suffering, mental anguish, and loss of enjoyment of life; loss of earning capacity; and punitive damages. *Id.* ¶¶ 24-30.

6.  The United States District Court for the District Columbia has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446.

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(a)(1).**

7.  Section 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see also id.* § 1332(e) (providing that the District of Columbia is a "State" for purposes of Section

1332(a)(1)). For the reasons set forth below, all of the requirements for "diversity jurisdiction" under Section 1332(a)(1) are satisfied in this case.

        **A.**        **The Parties Are Completely Diverse.**

        8.        Cases fall within a federal court's diversity jurisdiction only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

        9.        Plaintiffs are all citizens of the District of Columbia, while Gilead is a citizen of California and Delaware.[1] Ex. A, Compl. ¶¶ 19, 24-31; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Thus, complete diversity exists between Plaintiffs and Defendant Gilead.

        **B.**        **The Alleged Amount In Controversy Exceeds $75,000.**

        10.        Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000." The amount in controversy in this case indisputably exceeds $75,000, given the nature of Plaintiffs' alleged injuries and the requested relief. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the court").

---

[1] Gilead was incorporated in Delaware in June 1987. *See* Gilead Sciences, Inc., Annual Report (Form 10-K) at 3 (Feb. 2020), http://investors.gilead.com/static-files/1a607ba4-ee05-4dc5-9eeb-9509c6b8a3e4.

11. Although the Complaint does not allege a specific amount of damages, the attached Information Sheet lists $12,000,000.00 as the demand, which more than satisfied the amount in controversy requirement. Ex. A Compl. (attached Information Sheet).

12. In addition to the demand, Plaintiffs' allegations and the relief they seek in the Complaint also conclusively demonstrate that the amount in controversy exceeds $75,000. There are seven Plaintiffs seeking multiple forms of damages for personal injuries. Ex. A, Compl. ¶¶ 23-30.

   a. Plaintiff Miller alleges that he began taking TDF Medications in 2001 and, as a result, experienced bone density loss and fractures to his arm, and "incurred and will continue to require and incur expenses in connection with medical treatment as a result of these injuries, including surgery." Ex. A, Compl. ¶ 24.

   b. Plaintiff Jackson alleges that he began taking Truvada® in 2012 and, as a result, experienced osteoporosis, abnormal protein levels in the urine, pain, suffering, mental anguish, and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 25.

   c. Plaintiff Trotter alleges that he began taking Atripla® in 2011 and, as a result, experienced osteoporosis and a broken femur, pain, suffering, mental anguish, and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 26.

   d. Plaintiff Robertson alleges that he began taking Truvada® in 2004 and, as a result, experienced osteoporosis, pain, suffering, mental anguish and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 27.

   e. Plaintiff Covington alleges that that she began taking TDF Medications in 2001 and, as a result, experienced kidney failure, pain, suffering, mental anguish, and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 28.

    f.  Plaintiff Phillips alleges that that she began taking TDF medications in 2001 and, as a result, experienced osteoporosis and fractures to her foot and ankle, pain, suffering, mental anguish, and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 29.

    g.  Plaintiff Davis alleges that he began taking Truvada® in 2005 and, as a result, experienced osteoporosis, pain, suffering, mental anguish, and loss of enjoyment of life, and lost earnings or earning capacity. *Id.* ¶ 30.

  13.  Based on those allegations, Plaintiffs seek "actual, compensatory, and/or statutory damages," "punitive and exemplary damages," and "restitution and restitutionary disgorgement" of Gilead's gains related to the alleged conduct, all of which contribute to an amount in controversy that indisputably exceeds $75,000. Ex. A, Compl. ¶¶ 23-30 & p. 85 (prayer for relief); *see also Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014) (finding the amount in controversy exceeded $75,000 where complaint did not include a specific amount of damages, but sought compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life" as well as punitive damages); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

  14.  Although determining the amount in controversy requires assuming the Complaint's allegations are true, Gilead does not waive any defenses to any claims, and, further, denies that Plaintiffs are entitled to any relief.

**II. GILEAD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

  15.  Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." To remove a case from state court, the defendant need only file notice in the federal forum "containing a short

5

and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee*, 574 U.S. at 87.

16. Generally, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

17. This Notice of Removal is timely because (i) fewer than 30 days have passed since Gilead was served with the Complaint on June 17, 2021, and (ii) less than one year has passed since Plaintiffs commenced this action on June 14, 2021.

18. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Likewise, under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

19. Neither the defendant-unanimity rule (28 U.S.C. § 1446(b)(2)(A)) nor the forum-defendant rule (28 U.S.C. § 1441(b)(2)) is applicable here, because Gilead is the sole defendant in this action and Gilead is not a citizen of the District of Columbia. Ex. A, Compl. ¶ 31.

20. This Court is the appropriate venue because it is "the district and division embracing" Washington, D.C., *i.e.*, the location where the Superior Court Action is "pending." *See* 28 U.S.C. § 1441(a).

21. Gilead will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia, and will give written notice thereof to all adverse parties. *See* 28 U.S.C. § 1446(d).

22. By filing this Notice of Removal, Gilead does not waive, either expressly or implicitly, its rights to assert any defense that it could have asserted in the Superior Court Action.[2]

## CONCLUSION

For the foregoing reasons, Gilead respectfully requests that the Court assume jurisdiction over this action.

Date: July 8, 2021

Respectfully submitted,

By: /s/ *Paul J. Zidlicky*
Paul J. Zidlicky (D.C. Bar No. 450196)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
pzidlicky@sidley.com

---

[2] Generally, "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2); *see also* 14C C. Wright & A. Miller, Federal Practice & Procedure § 3738 (4th ed. 2020) ("[A] federal court usually will not require the parties to redo the state-court pleadings according to federal form and content standards."); *State of Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983) ("A properly removed case can be litigated in federal court without the filing of an amended complaint changing procedural references from state to federal law.").

Joshua E. Anderson, Esq. (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
janderson@sidley.com

*Attorneys for Defendant Gilead Sciences, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ *Paul J. Zidlicky*
Paul J. Zidlicky (D.C. Bar No. 450196)

## SERVICE LIST

Robert C. Hilliard
John B. Martinez
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
Facsimile: (361) 882)-3015
Email: bobh@hmglawfirm.com
Email: John@hmglawfirm.com

*Attorneys for Plaintiffs*

VIA CM/ECF

Paul J. Zidlicky (D.C. Bar No. 450196)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
pzidlicky@sidley.com

Joshua E. Anderson, Esq. (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
janderson@sidley.com

*Attorneys for Defendant Gilead Sciences, Inc.*

VIA CM/ECF